IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SILVIA SANCHEZ-BALLESTEROS,
**Personal Representative of the Estate of A.S.,**
*et al.*,

   *Plaintiffs*,

  **v.**           **Civil No.: 1:25-cv-03000-JRR**

**DAVID ALEJANDRO CANO LOPEZ,**

   *Defendant*.

## MEMORANDUM OPINION

Pending before the court are Defendant David Alejandro Cano Lopez's Motion to Dismiss (ECF No. 6), Defendant Global Xpress Logistics, LLC's Motion to Dismiss (ECF No. 12), and Defendant International Logistics Trucking, LLC's Motion to Dismiss (ECF No. 13). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motions will be denied.

## I. BACKGROUND[1]

Plaintiffs Silvia Sanchez-Ballesteros, individually and as personal representative of the Estate of A.S., and Jesus Reyes-Dominguez, initiated the instant action on September 11, 2025, related to a motor vehicle accident that resulted in the tragic death of their minor child, A.S. (ECF No. 1.) On September 16, 2022, at approximately 5:30 a.m., "Plaintiffs were lawfully traveling eastbound in a 2007 Chevrolet Tahoe in the left lane of I-68 near mile marker 64 in Allegany County, Maryland." *Id.* ¶ 25. At this same time, Defendant Lopez, operating a 2012 Freightliner Cascadia, a vehicle owned by Defendant Global Xpress Logistics and/or Defendant International Logistics Trucking, was traveling "eastbound on I-68 in the right-hand

---

[1] In ruling on the instant Motion, the court accepts as true all well-pled facts set forth in the Complaint (ECF No. 1). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

lane when he negligently and violently crashed the tractor-trailer into Plaintiffs' vehicle."[2] *Id.* ¶¶ 26–29.  Plaintiffs allege that Defendant Lopez was negligent by "fail[ing] to obey traffic laws; fail[ing] to control the speed of the vehicle to avoid a collision; fail[ing] to pay full time and attention; fail[ing] to yield the right of way; and unlawfully depart[ing] his travel lane, enter[ing] the Plaintiffs' and the Decedent's travel lane, and violently str[iking] the Plaintiffs' and the Decedents' vehicle, which caused severe and significant injuries to the Plaintiffs and the death of the Decedent." *Id.* ¶ 30.

Plaintiffs assert five counts: negligence claims against Defendants by Plaintiff Sanchez-Ballesteros individually (Count I) and Plaintiff Reyes-Dominguez (Count II); wrongful death claims against Defendants by Plaintiff Sanchez-Ballesteros individually (Count III) and Plaintiff Reyes-Dominguez (Count IV); and a survival action alleging negligence against Defendants by Plaintiff Sanchez-Ballesteros as personal representative of the Estate of A.S. (Count V).[3]  (ECF No. 1 ¶¶ 36–152.)  Plaintiffs' allegations in support of Count V mirror their allegations in Counts I and II, but focus on the duty of care owed to A.S. and alleged related negligence that resulted in her death.  *Id.* ¶¶ 108–127.  Defendants subsequently filed the instant Motions, arguing that Count V should be dismissed pursuant to Rule 12(b)(6) because a "survival action" is not an independent cause of action in Maryland.  (ECF Nos. 6, 12, 13.)

## II.    <u>LEGAL STANDARD</u>

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint."  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as

---

[2] According to Plaintiffs, Defendant Coyote Logistics, LLC, "while acting as a broker, retained Defendant Global and/or Defendant International in their capacity as motor carriers to transport the Load" that Defendant Lopez was allegedly transporting at the time of the accident.  (ECF No. 1 ¶ 20.)

[3] Plaintiffs erroneously identify their claim brought by Plaintiff Sanchez-Ballesteros as personal representation of the Estate of A.S. as "Count IV" in the Complaint.  (ECF No. 1 at p. 28.)

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## III.    ANALYSIS

Defendants' Motions all seek dismissal of Plaintiffs' Count V claim on the grounds that a survival action is not an independent cause of action in Maryland.[4] (ECF No. 6-2 at pp. 2–3; ECF No. 12-2 at pp. 2–3; ECF No. 13-2 at pp. 2–3.) There is no dispute among the parties that a survival action is not an independent cause of action in Maryland. (ECF No. 8-1 at p. 6; ECF No. 19-1 at p. 3.)

Indeed, as this court has previously explained:

---

[4] "A federal court sitting in diversity is required to apply the substantive law of the forum state . . . ." *Francis v. Allstate Ins.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).

> "In a survival action, the personal representative of the victim may sue to recover, for the estate of the victim, damages for the economic and non-economic losses suffered by the victim prior to his or her death—the damages that the victim would have been able to recover had he or she survived." *Willey v. Bd. of Educ.*, 557 F. Supp. 3d 645, 670 (D. Md. 2021). In contrast to a wrongful death action, the survival statute creates no independent cause of action. *Johnson v. Balt. Police Dep't*, No. SAG-2375, 2021 WL 1610152, at *5, 2021 U.S. Dist. LEXIS 78936, at *16 (D. Md. Apr. 23, 2021); *Mang v. City of Greenbelt*, No. DKC-11-1891, 2012 WL 115454 at *8, 2012 U.S. Dist. LEXIS 4345 at *22 (D. Md. Jan. 13, 2012) (explaining that "a survival action is merely the mechanism by which an estate brings a claim that the decedent could have asserted had he survived" and not an independent cause of action); *Gardner v. Greg's Marine Constr., Inc.*, No. DKC-13-1768, 2014 WL 198215, at *9, 2014 U.S. Dist. LEXIS 4692, at *29 (D. Md. Jan. 14, 2014) (dismissing a survival action count because "there is no separate cause of action known as a 'survival claim' "); MD. CODE ANN., EST. & TRUSTS § 7-401(y) ("[A personal representative] may prosecute, defend, or submit to arbitration actions, claims, or proceedings ... for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted ...").

*Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 175–76 (D. Md. 2023).

As discussed above, Plaintiffs assert five counts; the sole count brought on behalf of the Estate of A.S., while sounding in negligence, is labeled as a "Survival Action." (ECF No. 1 at p. 28.) Notwithstanding the label of "Survival Action," the substance of Count V asserts a negligence claim, akin to the negligence claims of Plaintiff Sanchez-Ballesteros individually and Plaintiff Reyes-Dominguez. Because the claim is brought on behalf of the Estate of A.S., as opposed to by Plaintiffs in their individual capacities, Plaintiffs used the "Survival Action" label.

The Fourth Circuit has instructed:

> The Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (holding that § 1983 need not be specifically invoked to get damages for constitutional rights violations under § 1983). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Factual

> plausibility pleading requires a higher standard, but for legal misstatements we are more forgiving. *See Johnson*, 574 U.S. at 12, 135 S.Ct. 346. Plaintiffs need not put a claim under a special heading, quote the statute, or use magic words to make out a claim. Courts should focus on the substance of the allegations to avoid making pleading a formalistic headache. *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 418 (4th Cir. 2014) (citing *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 310 (6th Cir. 2009)).

*Stanton v. Elliott*, 25 F.4th 227, 237–38 (4th Cir. 2022).

On examination of the substance of Plaintiffs' allegations, the allegations plainly put Defendants on notice of the nature of the claim and the underlying factual allegations. The allegations are nearly identical to Plaintiffs' negligence claims for Plaintiffs Sanchez-Ballesteros individually and Plaintiff Reyes-Dominguez, and the allegations are clearly made with reference to the Estate of A.S., and thus are brought as a survival action. These allegations are "enough to give 'fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved,' and that is what is required to survive dismissal."[5] *Id.* at 238 (quoting *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995)). Defendants' contrary arguments—including that the above caselaw is inapplicable because a survival claim is not a claim but a remedy, *see* ECF No. 18 at p. 3—miss the mark. The substance is plain (and the sufficiency of the allegations of negligence are unchallenged). To ignore the allegations, as Defendants urge, and instead focus on the title, fails to construe pleadings so as to do justice, *see* FED. R. CIV. P. 8(e), and is contrary to Fourth Circuit controlling authority discussed above. Accordingly, the court will deny the Motions to the extent they seek to dismiss Count V.

---

[5] The court notes that in *Estate of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 175–76 (D. Md. 2023), the survival action claim "restate[d] claims already alleged in previous counts." 696 F. Supp. 3d 130, 175 (D. Md. 2023). That is not the case here, where Count V is the sole count on behalf of the Estate of A.S. Contrary to Defendants' contention, *Estate of Green* is materially different from the case at bar.

## IV.   **CONCLUSION**

For the reasons set forth herein, by separate order, the Motions (ECF Nos. 6, 12, 13) will be denied.[6]


June 15, 2026                                             /S/

_____
Julie R. Rubin
United States District Judge

---

[6] Because the court subsequently grants Defendant Lopez's motion seeking disqualification of Plaintiffs' counsel, the court will extend the time for any party move this court to reconsider its ruling on the instant Motions until 14 day after new counsel has entered an appearance for each Plaintiff, or Plaintiffs have advised the court they will proceed without counsel.